# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Gary Debenedetto,

        Petitioner,

Case No. 19-cv-2110 (SRN/ECW)

v.

**REPORT AND RECOMMENDATION**

Warden S. Kallis,

        Respondent.

---

This matter comes before the Court on Petitioner Gary Debenedetto's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (Dkt. 1.) Debenedetto is currently being held at Federal Medical Center ("FMC") Rochester, while he awaits a revocation hearing for allegedly violating terms of his conditional release plan from psychiatric confinement.[1] For reasons set forth herein, the Court recommends that his Petition be transferred to the Eastern District of North Carolina.

## I. BACKGROUND

Debenedetto's commitment stems from a 2012 federal prosecution for threatening communications in the Northern District of Illinois. *See United States v. Debenedetto*,

---

[1] Mr. Debenedetto's revocation is proceeding in the Eastern District of North Carolina because that is the Court that initially ordered his commitment and has dealt with subsequent status review of his confinement. *See United States v. Debenedetto*, Case No. 14-hc-2172-BR (E.D.N.C. filed Aug. 8, 2014) However, this District is the proper venue for his § 2241 habeas petition because he is being held in Rochester, Minnesota.

1

Case No. 12-cr-199 (N.D. Ill. filed March 21, 2012) ("*Debenedetto I*").  During the criminal proceedings, Debenedetto was evaluated and ultimately determined to be unfit to stand trial, nor likely to attain competency in the near future.  *See generally id.*  On August 5, 2014, the Government filed a motion to evaluate competency pursuant to § 4241 in the Eastern District of North Carolina because Debenedetto was being held at FMC Butner at that time.  *See United States v. Debenedetto*, Case No. 14-hc-2172-BR ("*Debenedetto II*") (E.D.N.C. filed Aug. 5, 2014).  The same month, the charges in the Northern District of Illinois were dropped because of the competency issue.  *See Debenedetto I*, Dkt. 117 (N.D. Ill. Aug. 6, 2014), Dkt. 120 (N.D. Ill. Aug. 13, 2014).

On November 4, 2014, the Eastern District of North Carolina ordered Debenedetto's commitment under § 4246.  *See Debenedetto II*, Dkt. 14 (E.D.N.C. Nov. 6, 2014).  Debenedetto attempted to file a § 2241 habeas corpus challenge to his commitment, but it was dismissed for lack of jurisdiction because his direct appeal of the commitment was still pending.  *See Debenedetto v. Apker*, Case No. 14-hc-2163-D, Dkt. 10 (E.D.N.C. May 19, 2015).  Later, the United States Court of Appeals for the Fourth Circuit denied an appeal of Debenedetto's commitment because it was untimely filed.  *See United States v. Debenedetto*, Case No. 15-7352 (4th Cir. Dec. 18, 2015).

On January 29, 2019, Debenedetto was conditionally discharged pursuant to § 4246.  *See Debenedetto II*, Dkt. 47 (E.D.N.C. Jan. 29, 2019).  The Government sought a warrant on June 3, 2019, alleging that he should be detained, and his conditional release should be revoked because he failed to reside at the designated facility or to take his medications.  *Id.*, Dkt. 48 (E.D.N.C. May 31, 2019).  Debenedetto arrived at FMC

Rochester on July 2, 2019, and the Eastern District of North Carolina set the case for a revocation hearing on August 26, 2019.  *Id.,* Dkt. 53 (E.D.N.C. July 9, 2019).

## II.   THE PETITION

Debenedetto's handwritten petition is a bit difficult to read or comprehend, but it appears that he contends that his current civil detention is improper.  (Dkt. 1.)  His primary contentions are that he is being held in violation of the Fifth Amendment; that his detention is cruel and unusual punishment; and that he is being held in violation of law.  The majority of his assertions take issue with his initial civil commitment.  However, in the last three pages of his petition he alludes to the fact that his status awaiting a revocation hearing is improper.  (Dkt. 1-1 at 5-7).

## III.   APPLICABLE LAW

Anyone in federal custody—including an individual who has been civilly committed—can challenge the legality of his confinement by filing a § 2241 habeas corpus petition in the district where he is confined.  *Archuleta v. Hendrick,* 365 F.3d 644, 647-48 (8th Cir. 2004).  However, a petitioner must exhaust all available remedies prior to seeking habeas relief.  *Id.* at 648-49; *Wei Shi v. Knight,* 2012 WL 6652925, *1 (D. Minn. Nov. 2, 2012); *Slupkowski v. U.S. Att'y Gen.,* 2009 WL 1850876, *3 (D. Minn. June 26, 2009).  For example, a civil detainee can seek release from his commitment directly in the Court that committed him.  *Archuleta,* 365 F.3d at 648-49.  Section 4247(h) provides that a civil detainee may at any time during his commitment file a motion with the Court that committed him requiring his commitment status to be reviewed.  18 U.S.C. § 4247(h).

3

In *Archuleta*, the Eighth Circuit found that a civil detainee, who was re-detained on a revocation, should pursue a claim for release before the Court that committed him. Thus, the *Archuleta* Court concluded that although the petitioner filed a § 2241 petition properly in the district where he was detained, he should first pursue his contentions in the district that committed him. *Archuleta*, 365 F.3d at 649. This District adopted the *Archuleta* framework in *Slupkowski v. United States* by transferring a § 2241 petition by an FMC Rochester detainee to the district where the petitioner was initially committed. Case No. 08-cv-458 (JNE/SRN), Dkt. 16 (D. Minn. July 15, 2008).

## IV.   ANALYSIS

Like the petitioners in *Archuleta* and *Slupkowski*, Debenedetto has filed a § 2241 petition in the appropriate district because he is presently confined at FMC Rochester. However, adopting the *Archuleta* framework, the undersigned recommends that this case be transferred to the Eastern District of North Carolina so that the court where Debenedetto's commitment originated can review his claims. The case for transfer is strengthened by the fact that Debenedetto's revocation hearing is presently pending before the Eastern District of North Carolina. With revocation pending, Debenedetto likely cannot be said to have exhausted the available procedures to review his commitment status, nor can he be said to have attempted to invoke § 4247(h).

## V. CONCLUSION

Based upon the foregoing analysis, the Court hereby **RECOMMENDS** that Debenedetto's Petition and Motion to Proceed IFP be **TRANSFERRED** to the Eastern District of North Carolina.

Dated: August 20, 2019
                                            *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).